# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW

136-18 39th Avenue, Suite 1003

Flushing, New York 11354

May 19, 2016

Jian Hang, Esq.
Tel : (718) 353-8588
Cell: (718) 350-9308
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**

Hon. Marilyn D. Go
United States Magistrate Judge
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

> Re:   Lan v. UCT Clearview Restaurant Corp. d/b/a Peking House, *et al.*
> Civil Action No. 15-cv-5456 (MDG)

Dear Judge Go:

Plaintiffs' counsel, along with Defendants' counsel, request that your Honor approve the settlement reached in this matter.  A copy of the signed settlement agreement is annexed herein as Exhibit A.

This is an action by a single plaintiff Doun Fuh Lan for alleged unpaid minimum wage, overtime, spread of hours pay, and wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL").  Plaintiff also seeks statutory damages based on Defendants alleged failure to provide certain notices that are required under the NYLL.  Since this action was commenced Plaintiff alleges that he was formerly employed as a server and for Defendant UCT Clearview Restaurant Corp. d/b/a Peking House from around April 2008 until April 2014.  Plaintiff alleges he worked approximately 68 hours per week and was paid a monthly salary ranging from $500 to $550.  Defendants deny all of Plaintiff's allegations.  Defendants maintain that Plaintiff was properly compensated.

If Plaintiff were to prevail on all of his claims, his unpaid wages, exclusive of liquidated damages, would total approximately $125,637.38.  If Defendants prevailed their stronger defenses, they claim that Plaintiffs damages would be substantially less as they dispute the hours Plaintiff worked.  The gross settlement amount is $110,000 and the parties' settlement provides that this amount will include all attorneys' fees and costs. This reflects a reasonable compromise between the parties' claims. Given the divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence

available, this range of recovery is reasonable. The foregoing settlement was reached after a lengthy settlement discussions between counsels over the course of several weeks and close Court supervision.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes.*" Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours is sufficient to prove the hours that he worked and the wages he received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

In addition, although the settlement does not award Plaintiff all of the liquidated damages to which he may be entitled, as noted above, the settlement provides, with certainty, that Plaintiff will receive more than 85% of all of the unpaid wages he claims. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable.

Finally, during settlement discussions, counsel for both sides demonstrated a mastery of the evidence and pertinent legal principles. Counsel for both sides also represented their respective clients zealously. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

**Attorney's Fees**

As part of the Settlement Agreement, reasonable attorneys' fees for plaintiff's counsel are to be paid out of the Settlement Amount, and defendants and were not involved in the allotment of the funds between plaintiff and his counsel. Pursuant to our firm's retainer agreement with the Plaintiff (See Exhibit B), the firm will be reimbursed for approximately $600 of its out of pocket expenses, and will retain 40% of the settlement amount of $110,000 as attorneys' fees, for a total amount of attorneys' fees and costs of $44,600, as set forth in Section 3 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees. While attorney's fees in a FLSA settlement are subject to Court approval, *See* 29 U.S.C. §216(b); *Cisek v. National Surface Cleaning, Inc.,* 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (reviewing attorney's fees agreed to in settlement for reasonableness), "[t]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claims for wages, and not to ensure that the employee does not overcharge the employer." *Dail v. George A. Arab Inc.,* 391 F.Supp.2d 1142, 1146 (M.D.Fla.2005) (approving settlement providing for $10,600 in attorney's fees and $6,400 in owed wages to plaintiff).

3

       Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.  It should be approved.  *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

                                    Respectfully submitted,

                                 /s/   Jian Hang
                                Jian Hang, Esq.